

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AV:JSS:jss
F. #1998R02283
LAURIA6.LTR

*195 Montague Street*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

March 13, 2000

TO BE FILED UNDER SEAL

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Salvatore Lauria
           Criminal Docket No. 98-1102 (ILG)

Dear Judge Glasser:

      This letter is submitted to request that the Court enter the enclosed Amended Consent Order, which reflects an agreement between the government and the above-referenced defendant, Salvatore Lauria, concerning disposition of certain real property and the proceeds therefrom.

      By way of background, in December 1998, Lauria entered into a Cooperation Agreement pursuant to which he pled guilty to a RICO charge under 18 U.S.C. § 1962 et seq. In connection with his guilty plea, Lauria also entered into a Consent Order (a copy of which is enclosed), pursuant to which the parties agreed that certain properties, and the proceeds from the sale of such properties, would be set aside in an account, subject to future determination by the Court as to the possible payment of a fine or restitution. In September 1999, the government filed a Verified Complaint In Rem, assigned Docket Number CV 99 5680 (ILG), to effect elements of the Consent Order, particularly as the Order related to three parcels of real property in which Lauria had an interest. Since that time, two parcels have been sold and we expect the third to be sold in the near future.

      The proposed Amended Consent Order sets forth the disposition of the proceeds from the sale of the aforementioned real property. Upon entry of the Order, we request that the original signed Order be returned to AUSA Jonathan Sack for



IMA:RMM
Amended consent order

<u>TO BE FILED UNDER SEAL</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        Plaintiff,

- against -

SALVATORE LAURIA,

        Defendant.

- - - - - - - - - - - - - - - - X

<u>AMENDED CONSENT ORDER</u>

CR-98 1102 (ILG)

WHEREAS, on December 10, 1998 the defendant SALVATORE LAURIA (the "defendant") and the U.S. Attorney's Office for the Eastern District of New York (the "Office") entered into a cooperation agreement pursuant to which the defendant pled guilty to a Felony Information which charged him with violating 18 U.S.C. § 1962(c); and

WHEREAS the defendant and the Office entered into a Consent Order dated December 10, 1998, pursuant to which certain assets, and proceeds derived therefrom, were to be used to pay any fine and restitution arising out of the criminal activities set forth in the aforementioned Felony Information; and

WHEREAS the defendant and the Office desire to amend the December 10, 1998 Consent Order;

IT IS HEREBY STIPULATED AND AGREED by and between the

Office, the defendant, and the defendant's wife, Hope Lauria (who has an ownership interest in the properties in question), as follows:

1. The purpose of this Amended Consent Order is to provide for the forfeiture to the United States of America of certain premises and real properties, and proceeds traceable thereto, that were involved in defendant's money laundering activities.

2. The premises and real properties to be forfeited (collectively, the "Properties") are:

   a) Forest Drive, Sands Point, New York 11050 (the "Forest Drive Property");

   b) 2 Blueberry Court, Quogue, New York 11959 (the "2 Blueberry Court Property");

   c) The vacant lot adjoining the 2 Blueberry Court property, known as 10 Blueberry Court, Quogue, New York 11959 (the "10 Blueberry Court Property");

3. As set forth in the Verified Complaint In Rem, captioned United States of America v. The Premises And Real Property Located At Forest Drive, Sands Point, New York 11050, et al., CV-99-5680 (ILG), the Properties, and proceeds traceable thereto, were involved in, and/or are traceable to, violations of 18 U.S.C. §§ 1956 and 1957, and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981.

4. The defendant and his wife agree that neither they, nor any entity owned or controlled by them, nor any person

acting on their behalf, will interpose a claim or an answer in the civil forfeiture action, CV-99-5680, described above.

The Blueberry Court Properties

5.  The defendant and his wife have sold the 2 Blueberry Court Property with the consent of the government. The net proceeds of the sale of the 2 Blueberry Court Property was $18,365.25.[1] The $18,365.25 has been deposited into the United States Marshal's Service Seized Assets Deposit Fund, pending further order of the Court.

6.  The 10 Blueberry Court Property has also been sold, with the consent of the government. The net proceeds of the sale of the 10 Blueberry Court Property is $79,598.07. The $79,598.07 has been deposited into the attorney escrow account of Steven Langer, Esq., defendant's real estate attorney, pending further order of the Court.

The Forest Drive Property

7.  The defendant and his wife will enter into a contract to sell the Forest Drive Property at a sale price that will be subject to approval by the government.

8.  Defendant and his wife will provide the government with the name and address of the purchaser of the Forest Drive

---

[1] "Net Proceeds" is defined for the purpose of this Consent Order as the remaining proceeds of the sale after payment of all mortgages, taxes, liens, broker fees, attorneys' fees, and other reasonable and ordinary costs associated with the sale of real property.

Property, the contract of sale, and all other documents relating to the sale.

9. The defendant and his wife agree that they will take no action to encumber or otherwise diminish the value of the Forest Drive Property, and will make all mortgage, tax, and utility payments, as well as any other payments necessary to maintain and preserve the value of the Forest Drive Property, through and including March 31, 2000.

10. After the sale of the Forest Drive Property, the net proceeds of the sale will be distributed as set forth below.

11. If the contemplated sale of the Forest Drive Property set forth in paragraph 7 above is not completed by a date that is satisfactory to the government, the United States Marshals Service will arrange to sell the Forest Drive Property, and the net proceeds of the sale will be distributed as set forth below.

Distribution of the net proceeds

12. The distribution of the net proceeds from the sale of all three Properties discussed above will be as follows:

(a) The net proceeds of the sale of the 2 Blueberry Court Property, in the amount of $18,365.25, is hereby forfeited and condemned to the use and benefit of the United States pursuant to 18 U.S.C. § 981;

(b) The net proceeds of the sale of the 10

Blueberry Court Property, in the amount of $79,598.07, will be distributed as follows: (i) $20,000 to defendant's attorney, Robert Stahl, Esq., for payment of defendant's legal fees; and (ii) $59,598.07 to defendant and his wife. These amounts will be paid out of the attorney escrow account of Steven Langer, Esq. within ten (10) business days of this Amended Consent Order being "so ordered" by the Court. Within five (5) business days after these funds are released, the government will be provided with copies of the checks reflecting the release of said funds;

(c) The net proceeds of the sale of the Forest Drive Property will be deposited into the attorney escrow account of the attorney handling the real estate closing for the defendant, to be distributed as follows: (i) $20,000 to defendant's attorney, Robert Stahl, Esq., for payment of defendant's legal fees; (ii) $140,000 to defendant and his wife; and (iii) the remaining net proceeds to be forfeited and condemned to the use and benefit of the United States pursuant to 18 U.S.C. § 981. The portion of the net proceeds forfeited to the United States shall be paid within five (5) business days after the closing, and shall be paid by check payable to the "United States Marshals Service," and shall be delivered to the United States Attorney's Office, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201, Attn: AUSA Richard M. Molot. The distribution of the net proceeds of the Forest Drive Property

to Robert Stahl, and to defendant and his wife, in the amounts set forth above, shall not be made until after the government has received its forfeiture payment.

13. If, for any reason, the net proceeds of the sale of the Forest Drive Property is less than $160,000, the distributions set forth in paragraph 12 above will be void, and will be renegotiated by the parties.

14. Defendant and his wife agree to execute any and all documents necessary to effectuate the terms of this Amended Consent Order, including, but not limited to, a stipulation and order in the related civil forfeiture action, CV-99-5680, which will serve to effectuate the agreement reflected in this Amended Consent Order.

15. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior

[continued on following page]

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
       March 10, 2000

>                                LORETTA E. LYNCH
>                                United States Attorney
>                                Eastern District of New York
>
>                         By:    _____
>                                Jonathan S. Sack
>                                Richard M. Molot
>                                Assistant United States Attorneys

Agreed and consented to:         Approved by:

_____          _____
Defendant                        Supervising Assistant U.S. Attorney


_____
Hope Lauria

_____ 3/10/2000
Robert Stahl, Esq.
Defense Counsel



_____ 3/13/00
United States District Judge